# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| James D. Baskin,<br><br>               Plaintiff,<br><br>  v.<br><br>Bottini & Bottini, Inc. and Francis A. Bottini,<br><br>              Defendants. | Civil Action No.<br><br>Judge:<br><br>Magistrate Judge: |

## ORIGINAL COMPLAINT

Plaintiff James D. Baskin brings claims against Defendants Bottini & Bottini, Inc. ("B&B") and Francis A. Bottini ("Bottini") and respectfully alleges as follows:

## INTRODUCTION

1.    This case involves the bad faith refusal to pay (or even meaningfully discuss payment of) an earned legal fee to a former "of counsel" attorney who led the on-ground prosecution of a shareholder derivative case filed in the United States District Court, Southern District of Texas (the "Court") that resulted in a settlement in the amount of $14,425,000 (including attorneys' fees and costs awarded by the Court).

## PARTIES, VENUE, AND JURISDICTION

2.    Plaintiff James D. Baskin ("Baskin") is an individual. He is a citizen and domiciliary of the State of New Mexico. He is a licensed attorney in the States of Texas and California and is a member of the bar of this Court.

1

3.  Defendant Bottini & Bottini, Inc. ("B&B") is a corporation engaged in the practice of law. It is incorporated under the laws of the State of California and has its place of business at 7817 Ivanhoe Avenue, Suite 102, La Jolla, CA 92037. B&B is a plaintiff firm with a nationwide practice in the areas of securities and shareholder derivative litigation.

4.  Defendant Francis A. Bottini ("Bottini") is an individual. He is a citizen and domiciliary of the State of California. He is a licensed attorney in the State of California and is the owner of B&B.

5.  Venue is proper under 28 U.S.C.A. § 1391(b)(2).

6.  This Court has subject matter jurisdiction of this matter under 28 U.S.C.A. § 1332(a)(1) because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7.  This Court has specific jurisdiction of Defendants and the claim because of the affiliation between the forum and the specific controversy alleged herein.

8.  Defendants purposefully came to the Southern District of Texas for the purpose of prosecuting a shareholder derivative case they filed entitled *Hack v. Wright, et al.,* Case No. 14-cv-3442 in the United States District Court, Southern District of Texas ("*Hack*" or the "Case"). B&B successfully applied for an order to be appointed Co-Lead Counsel in *Hack*. Bottini successfully applied for an order admitting him *pro hac vice* to personally participate in the prosecution of the Case. B&B and Bottini appeared before this Court on several occasions. The Court-ordered attorneys' fees, from which Baskin was to be paid, originated in this District.

**STATEMENT OF FACTS**

9. In September 2019, Baskin agreed with Defendant B&B to work on the contingent fee prosecution of a shareholder derivative case entitled *Hack v. Wright, et al.,* Case No. 14-cv-3442 in the United States District Court, Southern District of Texas ("*Hack*" or the "Case"). At the time, Baskin had recently become "of counsel" to B&B.

10. B&B asked Baskin, a Texas trial lawyer with 40+ years of experience to lead the on-ground prosecution of the Case, involving big box retailer Conn's, Inc., against a well-financed and determined defense led by Vinson Elkins. B&B had won the motion to dismiss in *Hack*, and the discovery phase was about to begin.

11. B&B agreed to pay the reasonable value of Baskin's services in connection with the Case (*i.e., quantum meruit*), to be paid out of the settlement or judgment, if any, in the Case after it was finally concluded including any appeal. B&B did not propose, and Baskin did not agree to, a defined split of the contemplated contingent fee (*e.g.,* 20% of the fee) or any other predetermined amount. Nor did Baskin agree to accept whatever amount the B&B might unilaterally decide to pay him for his work on the Case. B&B did not pay Baskin a salary, draw or any other regular or irregular remuneration in connection with the Case or the of counsel relationship.

12. Between September 2019 and November 2022, Baskin devoted 812.5 attorney hours to the *Hack* case. The reasonable value of those services was $731,250.00, based on a rate of $900 per hour, which B&B and Baskin agreed was a reasonable and appropriate hourly rate for an attorney with Baskin's experience and expertise. In addition, during the course of the Case, Baskin paid $3,985.17 in out-of-pocket expenses, which B&B agreed to reimburse but has failed to do so.

13. Baskin planned and executed almost all the discovery in the Case. Baskin took all the depositions and, as new and different facts emerged during the course of discovery, he materially reshaped the underlying factual theory of the Case and devised a novel approach to damages and causation that provided leverage for settlement.

14. The Case settled in 2022 for $11 million plus $3.2 million in attorneys' fees and $225,000 in expenses.

15. B&B filed a motion for approval of the derivative settlement. In support thereof, Bottini filed a sworn declaration in which he affirmed that Baskin's fees (to the date of the declaration) were reasonable and necessary. (*Hack*, Docket # 181.)

16. The Court entered its Final Order and Judgment (*Hack*, Docket # 199) on March 15, 2022, approving the derivative settlement and awarding Plaintiffs' Counsel the agreed $3.2 million in attorneys' fees and $225,000 in expenses. On information and belief, B&B received payment of the $3.2 million in attorneys' fees and $225,000 in expenses awarded by the Court, and initially deposited these sums into a trust account controlled by Bottini.

17. On April 7, 2022, objector Richard Dohn filed, in the Fifth Circuit Court of Appeals, an appeal of the Final Order and Judgment, docketed as Case No. 22-20177. If Dohn's appeal had been successful, the settlement (including the Final Order and Judgment) could have been overturned and plaintiffs' counsel could have been required to return the $3.2 million in attorneys' fees and $225,000 in expenses. Accordingly, all plaintiffs' counsel agreed that the $3.2 million in attorneys' fees and $225,000 in expenses should remain in the afore-mentioned trust account until the Dohn appeal was resolved. The Dohn appeal was finally resolved when, on January 26, 2023, the Fifth Circuit granted Dohn's motion for voluntary dismissal of the appeal. At that date, B&B owed Baskin the reasonable value of his services.

4

18. As it turned out, the combined (reported) "lodestar" of all plaintiffs' counsel in *Hack* exceeded the fee ultimately awarded in the case. On information and belief, during the *Hack* litigation B&B decided to utilize outside litigation funding rather than fund ongoing case expenses itself. On information and belief, that outside litigation funding was quite expensive. But neither the lodestar reported by B&B and other plaintiffs' counsel, nor the unfortunate decision to utilize very expensive outside litigation funding, diminished the reasonable value of Baskin's work.

19. To date, B&B has not paid, or offered to pay, Baskin *anything* for his work on the Case. Nor has B&B made any attempt to explain why it hasn't paid, or offered to pay, Baskin. On information and belief, B&B and Bottini are deliberately employing, in bad faith, a delaying strategy, apparently in an attempt to exert financial pressure. On information and belief, B&B has paid itself out of the trust account, and its owner, Bottini, took for himself the lion's share of the funds.

20. Presentment has been or will be made within the meaning of Texas Civil Practice and Remedies Code § 38.002.

**FIRST CLAIM FOR RELIEF**
**(Against B&B for Breach of Contract)**

21. Plaintiff refers to and incorporates paragraphs 1 – 20.

22. B&B agreed to pay Baskin the reasonable value of his services and to reimburse him for out-of-pocket expenses in connection with the Case.

23. The reasonable value of Baskin's services was $731,250.00.

24. Baskin incurred and paid $3,985.17 in out-of-pocket expenses.

25. B&B has failed and refused, in breach of contract, to pay Baskin the reasonable value of his services (or indeed any amount at all for his services).

26. B&B has failed and refused, in breach of contract, to reimburse Baskin's expenses.

5


27.  As a result of B&B's breach, Baskin is entitled to recover $735,235.17 from B&B.

28.  In addition, Baskin is entitled to recover his reasonable attorney's fees under Texas Civil Practice and Remedies Code § 38.001, pre-judgment interest and costs of suit.

### SECOND CLAIM FOR RELIEF
### (Against B&B for Quantum Meruit)

29.  Plaintiff refers to and incorporates paragraphs 1 – 20.

30.  Baskin rendered valuable services at the request of B&B.

31.  B&B accepted, and profited from, the services Baskin rendered.

32.  Baskin rendered these services under such circumstances as would reasonably notify B&B that Baskin expected to be paid for his services.

33.  B&B has failed to pay Baskin for his services, the reasonable value of which was $731,250.00. Baskin is entitled to recover this amount from B&B.

34.  In addition, Baskin is entitled to recover his reasonable attorney's fees under Texas Civil Practice and Remedies Code § 38.001, pre-judgment interest and costs of suit.

### THIRD CLAIM FOR RELIEF
### (Against B&B and Bottini for Unjust Enrichment)

35.  Plaintiff refers to and incorporates paragraphs 1 – 20.

36.  Baskin provided valuable services that were critical to the ability of plaintiffs' counsel in *Hack* to attain the settlement described above. B&B and Bottini knowingly accepted the benefits of the services Baskin rendered. It would be inequitable for B&B and Bottini to retain the benefits of Baskin's services without compensating him for such services.

37.  In equity, B&B and Bottini should be held liable to Baskin for restitutionary disgorgement in the amount of $735,235.17 plus pre-judgment interest and costs of suit.

## FOURTH CLAIM FOR RELIEF
### (Against B&B and Bottini for Restitution as "Conscious Wrongdoers")

38. Plaintiff refers to and incorporates paragraphs 1 – 20.

39. Defendants B&B and Bottini are "conscious wrongdoers" within the meaning of Restatement (Third) of Restitution, § 51.

40. Baskin provided valuable services that were critical to the ability of plaintiffs' counsel in *Hack* to attain the settlement described above. B&B and Bottini knowingly accepted the benefits of the services Baskin rendered and realized a substantial profit as a result.

41. Because of their wrongful conduct as alleged, B&B and Bottini should be required to make "nonrestitutionary disgorgement" to Baskin, to be measured by the profits they attained from the *Hack* settlement, including but not limited to the amounts wrongfully withheld from Baskin, plus pre-judgment interest and costs of suit.

## PRAYER

WHEREFORE, Plaintiff James D. Baskin prays for judgment as follows:

1. For the reasonable value of the services rendered by Plaintiff, in the amount of $731,250.00;

2. For out-of-pocket expenses incurred and paid by Plaintiff in the underlying Case, in the amount of $3,985.17;

3. For attorneys' fees incurred in the prosecution of this case, as provided by Texas Civil Practice and Remedies Code § 38.001;

4. Under the Fourth Claim for Relief, and as an alternative to the above, nonrestitutionary disgorgement to be measured by all profits or benefits B&B and/or Bottini attained as a result of the *Hack* settlement;

5. For pre-and post-judgment interest;

6. For costs of suit;

7. For a full accounting of all funds that were received or disbursed in connection with the $3.2 million in attorneys' fees and $225,000 in expenses awarded by the Court in the *Hack* case; and

8. For such other and further relief as the Court may find appropriate.

Dated: July 24, 2023.                                          Respectfully submitted,


                                                               /s/ *Sean D. Johnson*


                                                               REID COLLINS & TSAI LLP
                                                               1301 S. Capital of Texas Hwy
                                                               Building C, Suite 300
                                                               Austin, Texas 78746
                                                               Tel.:  512.647.6100

                                                               Sean D. Johnson
                                                               TBN: 24055746
                                                               sjohnson@reidcollins.com

                                                               *Counsel to Plaintiff*